## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**WOODROW WILLS, JR. and SYLVIA
J. WILLS,**

          **Plaintiffs,**

**v.**                                              **Case No: 6:23-cv-1354-PGB-DCI**

**ALLY BANK, ALLY FINANCIAL and
ALLY SERVICING LLC,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion to Dismiss for Failure to State a Claim (Doc. 13)** |
| **FILED:** | **September 28, 2023** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### I.      Background

On August 4, 2023, Plaintiffs filed a Complaint alleging breach of contract against Defendants.  Doc. 1 (the Complaint).  Plaintiffs allege that they entered into a consumer credit transaction (the Contract) with a car dealership for $77,385.00.  *Id.* at 2-3. Thereafter, the dealership allegedly assigned the Contract to Defendant Ally Bank.  *Id.* at 3.  Plaintiffs then requested the total amount that Plaintiffs owed to pay off the loan and all charges due under the Contract.  *Id.*  Defendants responded with a payoff letter that advised Plaintiffs of the amount required to pay the account in full.  *Id.*

Plaintiffs allege they attempted to "set off the account" by mailing Defendants an "endorsed coupon" for the payoff amount along with a Notice of Instructions and a Power of Attorney.  *Id.*  Plaintiffs do not allege that they sent a check or monies to pay off the account alongside these documents.  Eventually, Plaintiffs sent Defendants a check which Defendants allegedly declined to accept.  *Id.* at 3-4.

On September 28, 2023, Defendants filed a Motion to Dismiss for Failure to State a Claim.  Doc. 13 (the Motion).  Plaintiffs have not responded to the Motion and the time for doing so has passed—accordingly, the Motion is treated as unopposed.  *See* Middle District of Florida Local Rule 3.01(c) ("[A] part may respond to a motion to dismiss . . . within twenty one days after service of the motion.").  Upon due consideration, the undersigned recommends the Motion be granted in part.

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,'" it demands more than an "unadorned ... accusation." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The determination of whether a complaint states a plausible claim for relief is "a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not adequate to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *Id.*, and cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (2009).

### III.   Discussion

In the Motion, Defendants argue that the Complaint should be dismissed as a shotgun pleading. Doc. 13 at 7-8.

"A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation omitted). There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, the Complaint involves aspects of the third and fourth categories of shotgun pleadings. First, the Complaint "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323. While Plaintiffs appear to allege a claim

for breach of contract, Plaintiffs neither expressly name their claim nor separate it into distinct counts.  Doc. 1 at 2-5.  Plaintiffs do not directly plead a cause of action.  This prevents a reader from discerning which allegations are intended to support which claims.  Second, in the absence of separate or distinct counts, Plaintiffs also fail to specify which claims are against which Defendants.  Plaintiffs sued three Defendants—Ally Bank, Ally Financial, Inc., and Ally Servicing LLC.  Doc. 1.  However, Plaintiffs fail to state which Defendant allegedly committed the unlawful act or acts in question.  Instead, Plaintiffs lump all Defendants together as "Defendant Ally."  By doing so, the individual Defendants have no notice of what they are specifically accused of.  The Complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Weiland*, 792 F.3d at 1323.

Accordingly, because the Complaint fails to separate Plaintiffs' causes of action into separate counts and impermissibly groups Defendants together into one entity, it is due to be dismissed as a shotgun pleading.

Finally, a *pro se* plaintiff must generally be given one chance to amend a complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend."  *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted).  Here, the undersigned recommends that Plaintiffs should be given leave to amend to clarify their cause of action.

### IV.    Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Motion (Doc. 13) be **GRANTED in part**, such that:

1.  Plaintiffs' Complaint be dismissed as an impermissible shotgun pleading; and

2.  Plaintiffs be given leave to amend their Complaint to clarify their cause of action.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on December 20, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy