UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WOODROW WILLS, JR. and SYLVIA J. WILLS,**

        **Plaintiffs,**

v.                                                                                          Case No: 6:23-cv-1354-PGB-DCI

**ALLY FINANCIAL INC.,**

        **Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant's Motion to Dismiss Amended Complaint for Failure to State a Claim (Doc. 31)** |
| **FILED:** | February 4, 2024 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

### I.     Background

On January 22, 2024, Plaintiffs filed an amended complaint alleging breach of contract against Defendant. Doc. 29 (the Complaint). Plaintiffs allege that they entered into a consumer credit transaction (the Contract) with a car dealership for $77,385.00. *Id.* at 2-3. Thereafter, the dealership allegedly assigned the Contract to Defendant. *Id.* at 3. Plaintiffs then requested the total amount that Plaintiffs owed to pay off the loan and all charges due under the Contract. *Id.* Defendants responded with a payoff letter that advised Plaintiffs of the amount required to pay the account in full. *Id.* Plaintiffs allege they attempted to "set off the account" by mailing Defendant

an "endorsed coupon" for the payoff amount along with a Notice of Instructions and a Power of Attorney. *Id.* Plaintiffs do not allege that they sent a check or monies to pay off the account alongside these documents. Eventually, Plaintiffs sent Defendant a check that Defendant allegedly declined to accept. *Id.* at 3-4.

On February 4, 2024, Defendant filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 31 (the Motion). Plaintiffs have not responded to the Motion and the time for doing so has passed—accordingly, the Motion is treated as unopposed. *See* Middle District of Florida Local Rule 3.01(c) ("[A] part may respond to a motion to dismiss . . . within twenty one days after service of the motion. . . . If a party fails to timely respond, the motion is subject to treatment as unopposed."). Upon due consideration, the undersigned recommends the Motion be granted.

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not adequate to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555 (2007). The factual allegations in a complaint "must be enough to raise a right to relief

above the speculative level," *Id.*, and cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (2009).

Additionally, the Court must liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010), because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

### III.   Discussion

As an initial matter, Plaintiffs' Complaint is replete with references to the "Bill of Exchange Act" and Article 3 of the Uniform Commercial Code. Doc. 29 at 2, ¶¶ 3, 4, 6. Courts throughout the United States have discussed the frivolity of plaintiffs invoking the so-called "Bill of Exchange Act." *See, e.g., Thomas v. Wells Fargo Bank*, 2024 WL 478068, at *7 (S.D. Ala. Jan. 12, 2024) (collecting cases finding that the attempted use of the so-called Bill of Exchange Act is frivolous). Similarly here, reliance on the "Bill of Exchange Act" is misplaced and cannot form the basis for this federal cause of action.

Plaintiffs' references to the Uniform Commercial Code fare no better. The Uniform Commercial Code's Article 3 on Negotiable Instruments contains no provisions requiring a financial institution to write-off or reduce debts because of Plaintiffs' attempt to send Defendant a negotiable instrument for the payoff amount along with Notice of Instructions and a Power of Attorney. Doc. 29 at 3. To be sure, Plaintiffs cite to no provision within the Uniform Commercial Code that support this theory. Accordingly, to the extent Plaintiffs' claims are predicated on an

alleged breach of the Uniform Commercial Code, the undersigned recommends these claims be dismissed.

Turning to the breach of contract allegation, "[f]or a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (internal citations omitted). Here, Defendant does not refute that a valid contract exists. *See generally* Doc. 31. Instead, Defendant argues that Plaintiff has failed to allege any material breach of the contract. *Id.*

Plaintiffs seemingly contend that Defendant breached the contract by temporarily requiring Plaintiffs to pay using "a cashier's check, money order, or payment through Western Union Quick Collect or MoneyGram." *See generally* Doc. 29; Doc. 31-2. Plaintiffs allege that they attempted to pay off their debt by sending Defendant a Notice of Instruction and Power of Attorney that directed Defendant to accept payment. *See* Doc. 29. Defendant argues that no contract term prohibited Defendant from requiring payment in the form of cashier's check or similar means. Doc. 31 at 8. And it does not appear that Plaintiffs have alleged a breach of any specific provision of the operative contract. Accordingly, the undersigned recommends the Court dismiss the breach of contract claim for failure to state a material breach of the contract. *See Timber Pines Plaza, LLC v. Kinsale Ins. Co.*, 2016 WL 8943313, at *2 (M.D. Fla. Feb. 4, 2016) ("It is appropriate to dismiss a breach of contract claim if it fails to state which provision of the contract was breached.") (quoting *Cruz v. Underwriters at Lloyd's London*, 2014 WL 3809179, at *2 (M.D. Fla. Aug. 1, 2014)).

Finally, a *pro se* plaintiff must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted

even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted). Here, however, Plaintiffs have already had the opportunity to cure any defects in their complaint and have already filed an amended complaint. Additionally, it does not appear that a more carefully drafted complaint might state a claim upon which relief can be granted. Therefore, the undersigned recommends the Court dismiss the Complaint without leave to amend.

Accordingly, the undersigned recommends that the Motion (Doc. 31) be **GRANTED** and the Complaint be dismissed.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on March 13, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy